IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **MATTHEW RAGONA** | : | **CIVIL ACTION NO.:** |
| | : | |
| **VERSUS** | : | **JUDGE:** |
| | : | |
| **LOUISIANA WORKFORCE COMMISSION** | : | **MAGISTRATE JUDGE:** |
| | : | **JURY DEMAND** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes MATTHEW RAGONA ("Plaintiff"), who respectfully represents the following:

## I. JURISDICTION

1. This is an action for declaratory, injunctive and monetary relief for discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. Section 2000e *et seq.* and Americans with Disabilities Act, codified at 42 U.S.C. Sections 12101 *et seq.* Jurisdiction is based on 42 U.S.C. Section 2000e-5(f)(3) and 28 U.S.C. Section 1331. Pursuant to 28 U.S.C. Section 1367, Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

## II. PARTIES

1. Plaintiff is:

    **MATTHEW RAGONA,** a person of the full age of majority and a resident of the State of Louisiana, Rapides Parish, Louisiana.

2. Made Defendant herein is:

**LOUISIANA WORKFORCE COMMISSION** ("LWC" or "Defendant"), who may be served through its Executive Director, Ava Dejoie, at 1001 N. 23rd Street, Baton Rouge, LA 70802 and Louisiana Attorney General's office at 1885 N 3rd St, Baton Rouge, LA 70802.

### III. VENUE

3. The events and omission giving rise to this civil action occurred within Rapides Parish, Louisiana. Therefore, venue for this civil action is proper in this Court.

### IV. FACTUAL ALLEGATIONS

4. Plaintiff began working with Defendant on December 8, 2014 as a Workforce Development Specialist 2, and he always had excellent performance reviews.

5. Plaintiff's supervisor was Ms. Heather Daigrepont ("Ms. Daigrepont"), female.

6. Ms. Daigrepont repeatedly asked Plaintiff out to lunch several times, repeatedly asked him to go out, paid for his food every time they went out to eat, asked him out to dance, and talked about her personal life with him.

7. Plaintiff has a physical disability, cerebral palsy, and has not had many relationships in the past.

8. Therefore, Ms. Daigrepont's actions led him to genuinely believe his continued friendliness was welcomed.

9. Plaintiff was trying to build professional relationships at work, and Ms. Daigrepont was in a higher authority position than him. Any power differential was in Ms. Daigrepont's favor, and Plaintiff simply reciprocated her kind behavior. As she had invited him to lunch several times, he, likewise, invited her out to lunch on several occasions.

10. To Plaintiff's surprise, Ms. Daigrepont filed sexual harassment charges against him.

11. To the best of Plaintiff's knowledge, the charges only alleged that he "made her feel uncomfortable." It was never made clear to Plaintiff whether it was his disability that made Ms. Daigrepont uncomfortable or Plaintiff's actions.

12. While Plaintiff was never provided with the details of the charges, Plaintiff believes that Ms. Daigrepont did not allege that he had ever touched her or said anything inappropriate to her.

13. Even more importantly, however, any charges by Ms. Daigrepont were totally false, as Plaintiff never behaved inappropriately with Ms. Daigrepont, nor had she ever indicated to him that his efforts to be her friend were unwelcomed (and she was his superior).

14. There are no statewide policies regarding claims of sexual harassment. The LWC conducted no investigation regarding Ms. Daigrepont's allegations, and Plaintiff was never questioned regarding the same.

15. Plaintiff's employment was simply terminated on May 31, 2018.

16. If an investigation had been conducted, the allegations would have easily been shown to be without merit.

17. Further, such investigation would also have shown that inappropriate behavior and jokes with sexual undertones were an accepted practice at LWC by others.

18. Specifically, similarly situated female employees at LWC participated in inappropriate conversations and conduct, but only Plaintiff, who did not participate in this behavior, and who strived to be friends with everyone, was singled out.

## V. ADMINISTRATIVE PREREQUISITS

19. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission and Louisiana Commission on Human Rights and received his Notice of Suit Rights dated April 25, 2019.

## VI. CAUSES OF ACTION

### COUNT ONE - DISABILITY DISCRIMINATION

20. Plaintiff reasserts and realleges the allegations contained in the foregoing paragraphs as though fully restated herein.

21. The actions and conduct of Defendant set forth herein constitutes discrimination due to disability and/or being regarded as disabled in violation of 42 U.S.C. Section 12101 et seq. and La. R.S. 23: 302 and La. R.S. 23:232 et. seq.

### COUNT TWO – GENDER DISCRIMINATION

22. Plaintiff reasserts and realleges the allegations contained in the foregoing paragraphs as though fully restated herein.

23. The actions, conduct and practices of Defendant complained of herein constitute purposeful discrimination and harassment against Plaintiff based upon his gender in violation of 42 U.S.C. Section 2000e *et seq.,* and La. R.S. 23:301 *et. seq*.

24. Defendant is liable for the actions of its managers, and its other employees complained of herein, under the doctrine of respondeat superior because said actions were within the course and scope of its employment.

25. Plaintiff has no adequate remedy at law for the harm he has suffered as a result of the discriminatory practices of Defendant set forth herein.

26. As a direct and proximate result of Defendant's actions complained of herein,

Plaintiff has been injured and has suffered damages and is entitled to recover for the injuries, offenses and damages, in an amount to be proved at trial.

27. The conduct of Defendant complained of herein, directly and/or proximately caused Plaintiff to suffer severe and painful injuries and damages which presently include, but are not limited to:

 a. keen mental anguish, embarrassment, humiliation and emotional distress;
 b. physical pain and suffering;
 c. past medical expenses;
 d. future medical expenses;
 e. loss of enjoyment of life;
 f. loss of earnings and/or earning capacity; and
 g. all other elements of damages and injuries, as may be shown at the trial of this matter.

## VII. JURY TRIAL DEMANDED

28. Plaintiff demands a trial by jury as to all matters permitted by law.

## VIII. RELIEF

WHEREFORE, Plaintiff seeks judgment in his favor and against Defendant, as set forth above, for:

 a. An award of monetary damages for all claims, in an amount to be shown at trial;
 b. An award of damages in an amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life and consequential loses;
 c. An award for any and all legal and/or equitable relief, including attorney's fees

and costs, to which he may be entitled and for all statutory damages arising under at 42 U.S.C. Section 2000e *et seq.*, 42 U.S.C. Sections 12101 *et seq.*, including compensatory damages, back pay, benefits, special damages, reinstatement, punitive or liquidated damages, and reasonable attorney fees resulting from the illegal conduct alleged herein.

    d.    An award for interest on any awards, at the highest rate allowed by law, from the date of judicial demand until the date paid;

    e.    For trial by jury for those matters triable to a jury; and

    f.    Such other and further relief as the Court finds equitable, just and proper.

Respectfully submitted,

DOWNER, JONES, MARINO & WILHITE
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445

Allison A. Jones, Bar No. 16990

By: /s/ Allison A. Jones
ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| MATTHEW RAGONA | : | CIVIL ACTION NO.: |
| | : | |
| VERSUS | : | JUDGE: |
| | : | |
| LOUISIANA WORKFORCE | : | MAGISTRATE JUDGE: |
| COMMISSION | : | JURY DEMAND |

## VERIFICATION

I, Matthew Ragona, depose and state that I am the Plaintiff in the foregoing Complaint, that I have read the Complaint, and that all of the allegations contained therein are true and correct to the best of my knowledge, information and belief.

_____
MATTHEW RAGONA

1