# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 5, 2022
Lyle W. Cayce
Clerk

No. 21-30652
Summary Calendar

Matthew Ragona,

      *Plaintiff—Appellant*,

*versus*

Louisiana Workforce Commission,

      *Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 19-CV-960

Before Clement, Ho, and Oldham, *Circuit Judges*.

Per Curiam:[*]

    Matthew Ragona appeals the dismissal on summary judgment of his claims of employment discrimination brought against his former employer, the Louisiana Workforce Commission (LWC). For the reasons that follow, we AFFIRM.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30652

**I**

Ragona worked for the LWC from December 2014 to May 2018. He has cerebral palsy, a physical disability. On May 14, 2018, LWC's Human Resources Department received a testimonial written by employee Heather Daigrepont, which LWC treated as a formal complaint of sexual harassment. The statement described a series of alleged incidents between Daigrepont and Ragona, such as whistling at Daigrepont when she walked by; his repeated requests to have lunch together and her repeated rejections; an unsolicited gift and handwritten poem on Mother's Day; and an uninvited kiss on the neck in the office parking lot. The statement described Daigrepont's concern that Ragona's romantic advances had become "more aggressive" over time. The record also reflects that, two months prior, Ragona had received a "verbal warning" and a copy of LWC's Sexual Harassment policy "with [the] pertinent parts highlighted" after a different female employee had raised a complaint about Ragona. On May 31, LWC terminated Ragona's employment.

Ragona timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and Louisiana Commission on Human Rights, alleging discrimination based on sex and disability. He received a right to sue letter from the EEOC on April 25, 2019. He timely filed suit in federal court, raising employment discrimination claims against LWC under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12102 *et seq.* Following discovery, LWC moved for summary judgment on both claims, which the district court granted. Ragona timely appealed.

**II**

We review a district court's grant of summary judgment *de novo*. *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017). Summary

Case: 21-30652    Document: 00516450205    Page: 3    Date Filed: 08/29/2022
Case 2:19-cv-00852-DCJ-JPM    Document 105    Filed 08/29/22    Page 3 of 6 PageID #: 2085

No. 21-30652

judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting FED. R. CIV. P. 56(a)). We view the record in the light most favorable to the non-movant. *Id.*

The district court dismissed the Title VII claim because it found that Ragona failed to satisfy the fourth element of a *prima facie* case of gender discrimination: identifying similarly situated female co-workers who engaged in "nearly identical" conduct that "allegedly drew dissimilar employment decisions." *Garcia v. Pro. Contract Servs., Inc.*, 938 F.3d 236, 244 (5th Cir. 2019) (quoting *Lee v. Ks. City So. Rwy. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009)); *cf. McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Ragona asserts that "[i]t is the ultimate form of discrimination to hold a male employee to a higher standard of conduct than similarly situated female employees." He contends that the district court erred when it dismissed his claim of gender discrimination because similarly situated female employees at LWC allegedly engaged in inappropriate verbal jokes. But, significantly, nothing in the record supports that LWC received written testimonials of sexual harassment arising from the conduct of any similarly situated female employees.[1] Thus, even assuming the truth of Ragona's assertions, the "difference between [his] conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from [LWC]." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001).

---

[1] Ragona argues that LWC unfairly treated Daigrepont's statement as a complaint of sexual harassment and that the kiss in the parking lot was merely a "failed attempt at friendship." Regardless, Title VII does not protect against "unfair" business decisions, only those motivated by discriminatory animus. *See Nieto v. L&H Packing Co.*, 108 F.3d 621, 624 (5th Cir. 1997). Nothing in the record substantiates that LWC treated the written testimonial differently because of Ragona's gender.

The district court did not err when it found that the Title VII claim failed as a matter of law.

The district court also did not err when it dismissed the claim of disability-based employment discrimination under the ADA because Ragona failed to establish a causal connection between his termination and his disability. Ragona summarily asserts that his "visible disability motivated the Daigrepont Statement, which[] ultimately led to the termination of [his] employment." But he fails to set forth any argument justifying this conclusory assertion and nothing in the record supports it. Speculative allegations are insufficient to overcome a motion for summary judgment. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The ADA claim also fails as a matter of law.

We AFFIRM.

# United States Court of Appeals
## for the Fifth Circuit

**Certified as a true copy and issued as the mandate on Aug 29, 2022**

**Attest:**

*Lyle W. Cayce*

**Clerk, U.S. Court of Appeals, Fifth Circuit**

No. 21-30652
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
August 5, 2022
Lyle W. Cayce
Clerk

Matthew Ragona,

*Plaintiff—Appellant*,

*versus*

Louisiana Workforce Commission,

*Defendant—Appellee.*

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:19-CV-960

_____

Before Clement, Ho, and Oldham, *Circuit Judges.*

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that Appellant pay to Appellee the costs on appeal to be taxed by the Clerk of this Court.

# United States Court of Appeals
FIFTH CIRCUIT
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

August 29, 2022

Mr. Tony R. Moore
Western District of Louisiana, Alexandria
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

    No. 21-30652    Ragona v. LA Workforce Commission
                     USDC No. 1:19-CV-960

Dear Mr. Moore

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                  Sincerely,

                                    LYLE W. CAYCE, Clerk

                                    By: _____
                                    Mary C. Stewart, Deputy Clerk
                                    504-310-7694

cc:
    Mr. David E. Boraks
    Mr. Andre' Charles Castaing
    Ms. Allison Anne Jones